UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE AGUILAR, PRIMITIVO AGUILAR
JOAQUIN ALMAZAN, ALBERTO BARRANCO,
RAMIRO CASA, JOAQUIN CORONA, HUGO
FLORES, VOON ONN, JORGE OREA, AGUSTIN
RAMALES, ANGEL ZAMBRANO
and JUN ZHAO,

                        Plaintiffs,                 **MEMORANDUM and ORDER**

        — against —                              06-CV-6790 (SLT)(RER)

E-Z SUPPLY CORPORATION, SUNRISE PLUS
CORPORATION and LESTER WEN,

                        Defendants.
-------------------------------------------------------------------X
**TOWNES, United States District Judge:**

       Before this Court is the Report and Recommendation of Magistrate Judge Ramon E. Reyes, Jr., dated March 13, 2008 (the "R&R"), regarding plaintiffs' motion for a default judgment pursuant to Fed. R. Civ. P. 55(b) against defendant E-Z Supply Corporation ("E-Z Supply"). Judge Reyes recommended that this Court grant plaintiffs' motion and award them $638,850.00 in unpaid wages and $429,950.00 in liquidated damages, totaling $1,068,800.00.

       On March 27, 2008, defendant Sunrise Plus Corp. ("Sunrise") filed objections to certain parts of the R&R. To date, E-Z Supply has not filed any objections to the R&R, or otherwise appeared in this action. For the reasons set forth below, the R&R is adopted in its entirety, and judgment shall be entered against E-Z Supply in the amount of $1,068,800.00, as delineated in the R&R.

## *DISCUSSION*

       For purposes of this Order, familiarity with the facts of the case is presumed. The Court refers the parties to the facts as stated in the R&R.

Although Sunrise has filed objections to the R&R, plaintiff's motion for a default judgment is only sought against E-Z Supply, and the Clerk of the Court has only entered the default of EZ-Supply. Thus, Sunrise has no standing to raise objections regarding the default judgment sought against E-Z Supply. *See generally Great Am. Audio Corp. v. Metacom, Inc.*, 938 F.2d 16, 19 (2d Cir. 1991) ("In order to have standing to appeal, a party must be aggrieved by the judicial action from which it appeals."); *accord Concerned Citizens of Cohocton Valley, Inc. v. New York State Dep't of Envtl. Conservation*, 127 F.3d 201, 204 (2d Cir. 1997). Although Sunrise summarily argues that plaintiffs are only seeking a default judgment against E-Z Supply because they intend to enforce the judgment against Sunrise as an "alter ego" of E-Z Supply, it has presented no evidence to establish that it is E-Z Supply's alter ego. In fact, in its objections to the R&R, Sunrise even asks this Court to deem its answer in this action as also a response from E-Z Supply, and thereby precluding the entry of a default judgment, while nonetheless refusing to concede "that an alter ego argument would be tenable." Sunrise Objections to R&R, p. 8.

Even if Sunrise had standing to raise its objections to the R&R, this Court refuses to consider its belated arguments and evidence. "While Rule 72(b) gives district courts the discretion to consider 'further evidence,' district courts will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance." *Henrietta D. v. Giuliani*, No. 95 CV 641, 2001 WL 1602114, at *4 (E.D.N.Y. Dec. 11, 2001) (citing *United States v. Pena*, 51 F. Supp. 2d 364, 367 (W.D.N.Y. 1998)); *see also Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137-38 (2d Cir.1994) (finding no abuse of discretion in district court's refusal to consider supplemental evidence); *Pan American World Airways, Inc. v. International Bhd. of Teamsters,* 894 F.2d 36, 40 n. 3 (2d Cir.1990) (holding that

district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").  The Second Circuit has consistently "upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review."  *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).  Since none of Sunrise's arguments nor evidence was presented or considered by Judge Reyes, the Court will not address them.  *See Henrietta D.*, 2001 WL 1602114, at *4.  Thus, the Court will treat the R&R as if no objections have been filed.

When no objections have been filed regarding the factual or legal conclusions of the magistrate judge, the Court need not review the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  However, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record in order to accept the [magistrate judge's] recommendation."  Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *accord Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007); *cf. Lewis v. Berg*, No. 00-CV-1433, 2006 WL 1064174, at *2 n.8 (N.D.N.Y. Apr. 20, 2006).

Here, although this Court need not review Judge Reyes' factual or legal conclusions, it has reviewed the R&R for clear error on the face of the record.  After carefully reviewing the R&R, this Court finds no clear error.  Accordingly, the R&R is adopted in its entirety.

## *CONCLUSION*

Judge Reyes' R&R, dated March 23, 2008, is hereby adopted in its entirety. The Clerk of Court is directed to enter judgment in favor of plaintiffs and against E-Z Supply in the amount of $1,068,800.00, as delineated in the R&R.

**SO ORDERED**.

Dated: Brooklyn, New York
      March 31, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge