UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE AGUILAR, PRIMITIVO AGUILAR
JOAQUIN ALMAZAN, ALBERTO BARRANCO,
RAMIRO CASA, JOAQUIN CORONA, HUGO
FLORES, VOON ONN, JORGE OREA, AGUSTIN
RAMALES, ANGEL ZAMBRANO
& JUN ZHAO,

                Plaintiffs,

    — against —

E-Z SUPPLY CORP., SUNRISE PLUS CORP. &
LESTER WEN,

                Defendants.
-------------------------------------------------------------------X

SUNRISE PLUS CORP.,

                Counterclaim Plaintiff
                /Third Party Plaintiff

    — against —

JOSE AGUILAR, PRIMITIVO AGUILAR, JOAQUIN
ALMAZAN, ALBERTO BARRANCO, RAMIRO
CASA, JOAQUIN CORONA, HUGO FLORES,
JAVIER FLORES, VOON ONN, JORGE OREA,
AGUSTIN RAMALES, ANGEL ZAMBRANO &
JUN ZHAO,

                Counterclaim Defendants,

    — and —

BILLY J. RANDEL & INDUSTRIAL WORKERS
OF THE WORLD (IWW),

                Third Party Defendants.
-------------------------------------------------------------------X

**MEMORANDUM and ORDER**

06-CV-6790 (SLT)(RER)

**TOWNES, United States District Judge:**

Plaintiffs, former employees of E-Z Supply Corp. ("E-Z Supply"), brought this action against E-Z Supply, Sunrise Plus Corp. ("Sunrise"), and Lester Wen seeking unpaid overtime wages and liquidated damages under the Fair Labor Standards Act of 1938 and section 190 of the New York Labor Law.  On April 2, 2008, a default judgment was entered against E-Z Supply in the amount of $1,068,800.  On July 15, 2008, plaintiffs filed a motion for summary judgment against Sunrise arguing that 1) Sunrise is the alter ego of E-Z Supply and, as a result, is liable for the default judgment; and 2) Sunrise's counterclaims should be dismissed.  This Court referred the motion for summary judgment to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for a report and recommendation ("R&R").

In a R&R dated March 2, 2009, Magistrate Judge Reyes recommended that plaintiffs' motion for summary judgment be granted in part and denied in part.  The R&R concluded that Sunrise is the alter ego of E-Z Supply and, as such, is liable for any default judgment against E-Z Supply.  Nonetheless, although Magistrate Judge Reyes found that Sunrise had willfully concealed its status as the alter ego of E-Z Supply when E-Z Supply failed to answer the complaint, he recommended vacating the default judgment against E-Z Supply to allow Sunrise to litigate the case.  Magistrate Judge Reyes explained that he was hesitant to impute a default judgment to Sunrise because Sunrise had answered the complaint.  Instead, he recommended conditioning vacatur of the default judgment on payment by the defendants of the attorney's fees and costs related to the default judgment.  On other grounds, he recommended that defendants' counterclaims be dismissed.

Plaintiffs and defendants Sunrise and Wen submitted responses to the R&R on March 9, 2009. The factual background is adequately described in the R&R, and this memorandum and order assumes familiarity with the relevant background.

## STANDARD OF REVIEW

If any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

## DISCUSSION

Defendants object only to the imposition of fees and costs related to the default judgment, but their arguments are unpersuasive. Defendants argue that the default judgment against E-Z Supply was improperly granted because E-Z Supply was not served with a summons and complaint. The defendants, however, made this argument in their objection to the R&R of Magistrate Judge Reyes that recommended granting the default judgment against E-Z Supply. This Court refused to consider the argument and additional evidence because the argument had

3

not been made before the magistrate judge.  *See* Order of 3/31/08; *see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review."); *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir. 1994) (holding that the district court did not abuse its discretion when it refused to consider supplemental evidence); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (holding that the district court did not abuse its discretion when it denied plaintiff's request to present additional testimony not offered at the hearing before the magistrate judge); *Henrietta D. v. Giuliani*, No. 95-CV-0641, 2001 WL 1602114, at *4 (E.D.N.Y. Dec. 11, 2001) ("While Rule 72(b) gives district courts the discretion to consider 'further evidence,' district courts will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.").  The Court declines to consider any argument by the defendants regarding the adequacy of service upon E-Z Supply at this late stage.

    Defendants also argue that the imposition of attorney's fees and costs is improper because the defendants did not formally move to vacate the default judgment.  This argument is unpersuasive.  The issue of the vacatur of the default judgment was properly before Magistrate Judge Reyes.  Plaintiffs raised the issue of the default judgment by seeking to impute the judgment to Sunrise.  In response, Sunrise argued that, assuming Sunrise is E-Z Supply's alter ego, there was no basis for a default judgment against E-Z Supply.  (Sunrise Memo. of Law at 12).  Furthermore, Federal Rule of Civil Procedure 60(b) authorizes vacatur of a default

judgment on "just terms."  "Courts consistently read this provision as permitting the award of attorney's fees incurred in bringing the default motion as a condition to vacating a default judgment."  *Richardson v. Nassau County*, 184 F.R.D. 497, 503 (E.D.N.Y. 1999) (citing *Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 698 (S.D.N.Y. 1986); *Roundball Enters., Inc. v. Richardson*, 99 F.R.D. 174, 177 (S.D.N.Y. 1983); *Video Power Int'l, Inc. v. Sardella,* No. 89-CV-3201, 1990 WL 47777, at *5 (E.D.N.Y. Apr. 3, 1990)).  The imposition of fees and costs as a condition of vacatur is within the discretion of this Court.

Finally, defendants seek to portray themselves as having been unfairly assessed fees and costs despite prevailing on the issue of the default judgment by virtue of the vacatur.  The defendants' characterization of the R&R is misleading.  Magistrate Judge Reyes found that Sunrise had willfully concealed its status as the alter ego of E-Z Supply when E-Z Supply failed to answer the complaint.  Fees and costs are appropriate because the willfully deceptive conduct of Sunrise gave rise to the litigation relating to the default judgment.

Plaintiffs' submission in response to the R&R requests that the Court condition vacatur of the default judgment on a requirement that the defendants first pay attorney's fees and costs related to obtaining the default judgment.  The recommendation of the R&R, herein adopted by this Court, is consistent with the plaintiffs' request.  The R&R makes vacatur "contingent upon the payment to plaintiff of all fees and costs related to the default judgment."  (R&R at 26).

Additionally, although not required to do so, *see Thomas*, 474 U.S. at 150, this Court has reviewed the portions of the R&R to which neither party has objected and concludes that the recommendations are not clearly erroneous.  As a result, Magistrate Judge Reyes' R&R is adopted in its entirety.

## CONCLUSION

The defendants' objections to Magistrate Judge Reyes's report and recommendation are denied, and the report and recommendation is adopted in its entirety. Accordingly,

(1) defendant Sunrise is estopped from relitigating the issue of alter ego;

(2) all of Sunrise's four counterclaims are dismissed;

(3) all of Sunrise's four claims against third party defendants are dismissed without prejudice; and

(4) the default judgment entered against E-Z Supply on April 2, 2008, is vacated contingent upon the requirement that defendants first pay to plaintiffs their costs and attorney's fees incurred in obtaining the default judgment. If the parties cannot agree on the amount of such costs and fees, plaintiffs are to submit an affidavit supported by reference to contemporary time records.

Plaintiffs are directed to notify the Court when defendants make payment of the costs and fees as ordered.

**SO ORDERED.**

Dated: Brooklyn, New York
      March 30, 2009

/s/
SANDRA L. TOWNES
United States District Judge