

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE AGUILAR, PRIMITIVO AGUILAR,
JOAQUIN ALMAZAN, ALBERTO BARRANCO,
RAMIRO CASA, JOAQUIN CORONA, HUGO
FLORES, VOON ONN, JORGE OREA, AGUSTIN
RAMALES, ANGEL ZAMBRANO and JUN ZHAO,

                      Plaintiffs,

    — against —

E-Z SUPPLY CORP., SUNRISE PLUS CORP. and
LESTER WEN,

                      Defendants.
------------------------------------------------------------x

**MEMORANDUM and ORDER**

06-CV-6790 (SLT)(RER)

**TOWNES, United States District Judge:**

In December 2006, plaintiffs, former employees of E-Z Supply Corp. ("E-Z Supply"), commenced this action against E-Z Supply, Sunrise Plus Corp. ("Sunrise"), and Lester Wen seeking unpaid overtime wages and liquidated damages under the Fair Labor Standards Act of 1938 and section 190 of the New York Labor Law. On April 2, 2008, a default judgment was entered against E-Z Supply in the amount of $1,068,800. On July 15, 2008, plaintiffs filed a motion for summary judgment against Sunrise arguing 1) that Sunrise is the alter ego of E-Z Supply and, as a result, is liable for the default judgment; and 2) that Sunrise's counterclaims should be dismissed. This Court referred the motion for summary judgment to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for a report and recommendation ("R&R").

In a R&R dated March 2, 2009, Magistrate Judge Reyes recommended that plaintiffs' motion for summary judgment be granted in part and denied in part. The R&R concluded that Sunrise is the alter ego of E-Z Supply and, as such, is liable for the default judgment against E-Z Supply. Although Magistrate Judge Reyes found that Sunrise had willfully concealed its status

as the alter ego of E-Z Supply when E-Z Supply failed to answer the complaint, he recommended vacating the default judgment against E-Z Supply to allow Sunrise to litigate the case. However, he recommended conditioning vacatur of the default judgment on payment by the defendants of the attorney's fees and costs related to the default judgment.

In a Memorandum and Order dated March 31, 2008, this Court adopted Magistrate Judge Reyes's R&R in its entirety. That Memorandum and Order vacated the default judgment entered against E-Z Supply on April 2, 2008, contingent upon the requirement that defendants first pay to plaintiffs the costs and attorneys' fees incurred in obtaining the default judgment. The Memorandum and Order further provided that if the parties were unable to agree on the amount of such costs and fees, plaintiffs were to submit an affidavit and contemporaneous time records in support of their fee request.

The parties proved unable to agree on the amount of the cost and fees and in April 2009 plaintiffs' counsel filed documentation in support of their request for $16,875.00 in costs and attorneys' fees. By order dated April 27, 2009, this Court referred plaintiffs' fee application to Magistrate Judge Reyes for a second report and recommendation. On June 22, 2009, Magistrate Judge Reyes issued a second report and recommendation (the "Second R&R"), recommending that this Court award plaintiffs $14,540.50 in attorneys' fees relating to the default judgment and $75.00 in costs, for a total of $14,540.50. Second R&R at 13. Although Magistrate Judge Reyes advised the parties that any objections to the Second R&R had to be filed within ten business days, neither plaintiffs nor defendants have filed any objections to the Second R&R as of the date of this writing.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the Second R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the Second R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Reyes's Report and Recommendation dated June 22, 2009, is adopted in its entirety. Defendants are ordered to pay plaintiffs $14,465.50 in attorneys' fees and $75.00 in costs, for a total of $14,540.50, on or before October 2, 2009.

SO ORDERED.

s/ SLT
SANDRA L. TOWNES
United States District Judge

Dated: September 9, 2009
Brooklyn, New York