UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSE AGUILAR, *et al.*,

                Plaintiffs,

    — against —

E-Z SUPPLY CORP., SUNRISE PLUS CORP. and
LESTER WEN,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

06-CV-6790 (SLT)(RER)

**TOWNES, United States District Judge:**

In December 2006, plaintiffs, former employees of E-Z Supply Corp. ("E-Z Supply"), commenced this action against E-Z Supply, Sunrise Plus Corp. ("Sunrise"), and Lester Wen, seeking unpaid overtime wages and liquidated damages under the Fair Labor Standards Act of 1938 and section 190 of the New York Labor Law. On April 2, 2008, a default judgment was entered against E-Z Supply in the amount of $1,068,800.00. On July 15, 2008, plaintiffs filed a motion for summary judgment against Sunrise arguing 1) that Sunrise is the alter ego of E-Z Supply and, as a result, is liable for the default judgment; and 2) that Sunrise's counterclaims should be dismissed. This Court referred the motion for summary judgment to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for a report and recommendation ("R&R").

In an R&R dated March 2, 2009, Magistrate Judge Reyes recommended that plaintiffs' motion for summary judgment be granted in part and denied in part. The R&R concluded that Sunrise is the alter ego of E-Z Supply and, as such, is liable for the default judgment against E-Z Supply. Although Magistrate Judge Reyes found that Sunrise had willfully concealed its status as the alter ego of E-Z Supply when E-Z Supply failed to answer the complaint, he recommended vacating the default judgment against E-Z Supply to allow Sunrise to litigate the case. However,

he recommended conditioning vacatur of the default judgment on payment by the defendants of the attorney's fees and costs related to the default judgment.

In a Memorandum and Order dated March 30, 2009, this Court adopted Magistrate Judge Reyes's R&R in its entirety. That Memorandum and Order vacated the default judgment entered against E-Z Supply on April 2, 2008, contingent upon the requirement that defendants first pay to plaintiffs the costs and attorney's fees incurred in obtaining the default judgment. The Memorandum and Order further provided that if the parties were unable to agree on the amount of such costs and fees, plaintiffs were to submit an affidavit and contemporaneous time records in support of their fee request.

The parties proved unable to agree on the amount of the cost and fees and in April 2009 plaintiffs' counsel filed documentation in support of their request for $16,875.00 in costs and attorney's fees. By order dated April 27, 2009, this Court referred plaintiffs' fee application to Magistrate Judge Reyes for a second report and recommendation. On June 22, 2009, Magistrate Judge Reyes issued a second report and recommendation (the "Second R&R"), recommending that this Court award plaintiffs $14,540.50 in attorney's fees for work relating to the default judgment and $75.00 in costs, for a total of $14,540.50. Second R&R at 13. Although Magistrate Judge Reyes advised the parties that any objections to the Second R&R had to be filed within ten business days, neither plaintiffs nor defendants filed any objections to the Second R&R.

In a Memorandum and Order dated September 9, 2009, this Court adopted the Second R&R in its entirety and ordered defendants to pay plaintiffs $14,540.50, on or before October 2,

2009. On September 11, 2009, the Clerk of Court entered a judgment awarding plaintiffs $14,540.50 in accordance with this Court's order.

On October 2, 2009 – the very date on which defendants were to pay plaintiffs – defendants filed the instant motion, seeking reconsideration of this Court's September 9, 2009, memorandum and order. Defendants' motion offers no explanation for defendants' failure to timely object to the Second R&R, but alleges that that R&R was "clearly erroneous." Motion for Reconsideration of Prior Decision, dated Oct. 1, 2009 ("Defendants' Motion"), at 1. Plaintiffs respond by arguing that defendants' motion for reconsideration is untimely and by asserting that, as of October 5, 2009, defendants had yet to pay the $14,540.50. *See* Letter to Hon. Sandra L. Townes from Stuart Lichten, Esq., dated Oct. 5, 2009. Plaintiffs affirmatively request, "pursuant to this Court's Orders of March 30 and September 9, 2009, that summary judgment be granted against Sunrise [and] in favor of plaintiffs." *Id.* at 2.

As plaintiffs' correctly note, defendants' motion for reconsideration is untimely. The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provide that "[a] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment." Local Civil Rule 6.3 (emphasis omitted). Because judgment was entered on September 11, 2009, defendants had until September 25, 2009, in which to file a motion for reconsideration. However, defendants did not file their motion until October 2, 2009.

3

Even if defendants' motion for reconsideration were not untimely, this Court would deny it. Although defendants' motion nominally seeks reconsideration of this Court's order adopting the Second R&R, the motion is essentially a belated objection to that R&R. Indeed, the motion itself states that defendants are moving "upon the grounds that the ... decision of the magistrate is clearly erroneous ...." Defendants' Motion at 1.

"In general, 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (*Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Since defendants did not timely object to the Second R&R, they cannot now obtain judicial review of Magistrate Judge Reyes' June 22, 2009, decision by simply characterizing their belated challenge as a motion for reconsideration of the order adopting that R&R.

## *CONCLUSION*

For the reasons stated above, defendants' motion for reconsideration is denied. Defendants shall have until October 23, 2009, to either (1) satisfy the $14,540.50 judgment against them or (2) show cause in writing why this Court should not reinstate the default judgment against defendants.

SO ORDERED.

s/ SLT
SANDRA L. TOWNES
United States District Judge

Dated: October 16, 2009
Brooklyn, New York

4